IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br> Plaintiff, | * <br> * <br> * <br> * |
| v. | *    Case No.: 12-cv-1699-RWT <br> * |
| **$15,860 IN U.S. CURRENCY, et al.** <br> Defendants; | * <br> * <br> * |
| **OMAR STEELE,** <br> Claimant | * <br> * <br> * |

## MEMORANDUM OPINION

Pending before the Court is Claimant Omar Steele's motion to dismiss, and, in the alternative, motion for a more definite statement. Because the United States has stated its claim with particularity and provided sufficient facts to support a reasonable belief that it can meet its burden at trial, the motion shall be denied.

## FACTUAL BACKGROUND

Between November of 2011 and January of 2012, the Drug Enforcement Administration ("DEA") and the Montgomery County Police Department investigated an individual named Saul Calderon Mata. ECF No. 1 at 4.[1] Mata's intercepted phone calls indicated that Claimant was arranging drug transactions between Mata and third parties. *Id.* at 4-5. On January 9, 2012, Claimant was indicted on drug related charges. *Id.* at 5. Subsequently, on January 25, 2012, pursuant to a search warrant, Claimant's home in Upper Marlboro, Maryland was searched. *Id.* Claimant's wife was present during this search. *Id.* The search recovered $1,250 located on the

---

[1] The declaration attached to the complaint may be considered by the Court because, under the Civil Rules, a written instrument attached as an exhibit to a pleading is part of such pleading. *See* Fed. R. Civ. P. 10(c); *Thompson v. Greene*, 427 F.3d 263, 268 (4th Cir. 2005); *United States v. 2121 Kirby Drive, Unit 33, Hous., TX*, No. H-06-3335, 2007 WL 3378353, at *3 (S.D. Tex. Nov. 13, 2007).

dining room table, $10,590 located in a black case concealed in a utility closet, and $15,960 located in a cardboard drum filled with clothing and linens. *Id.* at 6. All of the money was found in $1,000 bundles bound by black rubber bands. *Id.* at 7. Claimant's wife indicated that the $10,590 was her money from the sale of a salon that she previously owned in New York. *Id.* at 6. Although the sale of her salon was corroborated by the salon's current owner, there were no IRS forms related to the sale. Neither Claimant nor his wife offered an explanation for the $15,960. *Id.* at 6-8.[2]

On January 27, 2012, pursuant to a search warrant, Claimant's second home in Hyattsville, Maryland was searched. *Id.* at 8. This search revealed two digital scales which appeared to have cocaine residue on them, drug packaging materials, and a gold pendant valued at $15,075. *Id.* Claimant's fingerprint was found on one of the recovered scales. *Id.*

A wage record check performed on Claimant revealed no history of wages. *Id*. A wage record check performed on Claimant's wife revealed earnings of $36.25 in the fourth quarter of 2010. *Id.*[3]

The defendant property, $15,860 in U.S. currency and the gold pendant valued at $15,075, is in the custody of the United States Marshall Service. *Id* at ¶ 4, 8.

## **PROCEDURAL HISTORY**

On June 8, 2012, the government filed this forfeiture action, asserting that the named property is connected to a violation of the Controlled Substances Act. ECF No. 1 at 1-2. The government alleges that the defendant property is either proceeds from the sale of or was intended to be exchanged for controlled substances. *Id.* On August 31, 2012, Claimant filed a

---

[2] Because $100 of the $15,960 was counterfeit money, the amount at issue is actually $15,860. *Id.* at 6-8.

[3] Claimant does not rebut the lack of wage records. *See* ECF No. 7.

motion to dismiss, and, in the alternative, a motion for a more definite statement. ECF No. 7. On September 9, 2012, the government opposed this motion. ECF No. 9.

**STANDARD OF REVIEW**

Rule 12(b) of the Federal Rules of Civil Procedure and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions are applicable to this forfeiture action. *See United States v. $74,500 in U.S. Currency*, No. RDB-10-3380, 2011 WL 2712604, at *2 (D. Md. July 11, 2011). Rule G(8)(b) authorizes a claimant to move to dismiss a forfeiture complaint pursuant to Rule 12(b). Fed. R. Civ. P., Supplemental R. G [hereinafter Supp. R. G].

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Rule G(8)(b) specifically requires that the sufficiency of the complaint be governed by Rule G(2), which requires the complaint, among other things, "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Supp. R. G(2)(f). At trial, the government must establish a "substantial connection between the property and the offense" to a preponderance of the evidence. *$74,500 in U.S. Currency*, 2011 WL 2712604, at *2 (quoting 18 U.S.C. § 983(c)(3)). Furthermore, "[n]o complaint may be dismissed on the ground that the government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property." 18 U.S.C. 983 § (a)(3)(D).

For the government to meet the pleading requirements, it must state sufficient facts to support a reasonable belief based on the totality of the circumstances that the defendant property is linked to drug trafficking and, thus, subject to forfeiture. *See United States v. Mondragon*, 313 F.3d 862, 866-67 (4th Cir. 2002); *$74,500 in U.S. Currency*, 2011 WL 2712604, at *2. Mere information regarding when, where, and by whom the property was seized is insufficient.

3

*Mondragon*, 313 F.3d at 866. However, when this information is coupled with information regarding unusual packaging, an attempt to conceal the property, and an indication that drugs were present, the facts are sufficient to meet the pleading requirements. *See id.*[4]

## ANALYSIS

Claimant argues that the complaint should be dismissed or, alternatively, that the government must provide a more definite statement, arguing that the complaint "fails to 'state sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial.'" ECF No. 7 at 1. Claimant asserts that the complaint is (1) devoid of allegations to connect the defendant property to narcotic trafficking and (2) that the seized funds were proceeds from Claimant's spouse's salon sale. *Id*. at 3. The Court disagrees.

**I.     Nexus between the Defendant Property and Drug Trafficking**

The government does not have to fully prove its case to meet the pleading requirements, but must only state enough facts for the Court to find a reasonable belief, based on the totality of the circumstances, that the defendant property is linked to narcotic trafficking. *See Mondragon*, 313 F.3d at 866-67; *$74,500 in U.S. Currency*, 2011 WL 2712604, at *2 (citing *United States v. Real Prop. Located at 5208 Los Franciscos Way*, 385 F.3d 1187, 1193 (9th Cir. 2004)). Important factors to assess include the value of the defendant property, unusual packaging or an attempt to conceal the defendant property, the plausibility of the story explaining the claimant's acquisition of the property, and any indicia of drug trafficking. *See United States v. Currency,*

---

[4] *Mondragon* is a highly instructive case in this Circuit. Although *Mondragon* was decided prior to the enactment of Rule G, the Fourth Circuit, interpreting Rule E(2)(a), required the government to "allege sufficient facts to support a reasonable belief that the property is subject to forfeiture," which is akin to the current standard. *Mondragon*, 313 F.3d at 865; *United States v. $79,650 Seized from…Afework*, No. 1:08cv1233, 2009 WL 331294, at *2 (E.D. Va. Feb. 9, 2009) ("Supplemental Rule G(2)(f) carries forward the standard for determining the sufficiency of a civil forfeiture complaint set forth in United States v. Mondragon").

*U.S., $147,900.00*, 450 Fed. App'x 261, 264 (4th Cir. 2011) (finding a link between the defendant property and drugs when the claimant had a history of being involved with illegal drugs, the currency seized was allegedly related to drug activities, the cash seized was a large sum, and the claimant had no reported income or work history); *United States v. $58,422.00 in U.S. Currency*, 154 Fed. App'x 20, 21-22 (9th Cir. 2005) (finding a substantial link when the defendant property (cash and jewelry) was in close proximity to drugs, the claimant's income was less than his monthly bills, and the claimant had no other source of income with which to have acquired the defendant property); *United States v. $21,408.00 in U.S. Currency*, No. 4:10-cv-138, 2010 WL 4687876, at *4 (S.D. Ga. Nov. 10, 2010) (holding that the Rule G pleading standard was met when the cash amount seized was large ($185,000), the claimant had been unemployed for six months, the cash was packaged in an unusual fashion, the claimant attempted to avoid a search and gave a false statement to police, and a drug dog alerted positively); *United States v. $36,100.00 in U.S. Currency*, No. 4:08-029-TLW-TER, 2009 WL 692830, at *4 (D.S.C. Mar. 12, 2009) (holding that a complaint met the pleading requirements when it alleged that $36,110 was found packaged an unusual manner, the money was hidden in a trap-type compartment in a van, and there was a positive drug dog alert).

Here, the complaint clearly establishes a link between the defendant property and narcotics trafficking.[5] The money was seized following the intercepted calls, which indicated

---

[5] Claimant asserts that the government has not met its burden, relying, in part, on *United States v. $1,399,313.74 in U.S. Currency*, 591 F. Supp. 2d 365 (S.D.N.Y. 2008). In that case, the government believed that the defendant property was linked to narcotic trafficking due to a suspect pattern of money transfers and deposits, but failed to make any actual allegations of drug-related activity by the Claimant. *See id.* at 368, 373. By contrast, in the present case, the government has pleaded facts indicating that Claimant is linked to narcotic trafficking. ECF No. 1 at 4-5, 8 (stating that intercepted calls indicated that Claimant arranged drug transactions and that Claimant's fingerprint appeared on a digital scale containing cocaine residue).

that the Claimant was involved in arranging drug trafficking. The money was unusually packaged and hidden in a cardboard drum filled with clothing and linens. Moreover, the money could not be sufficiently accounted for by Claimant's spouse. ECF No. 1 at 5-6. The gold pendant, valued at $15,075, was found in the same home where the drug packaging materials and the digital scales containing cocaine residue (and bearing Claimant's fingerprints) were found. *Id.* at 8. A wage record check performed on Claimant and his wife indicated that their income was only $36.25 during the fourth quarter of 2010. *Id.* Based on the totality of the circumstances, the Government has met its pleading requirements.[6]

## II.    Funds and a Legitimate Source of Income

Claimant incorrectly asserts that the declaration attached to the complaint establishes that the defendant property is the lawful proceeds from his wife's sale of her salon. ECF No. 7 at 3. The declaration specifically states that Claimant's wife asserted that the $10,590 found during the search was from the sale of her salon; she was unable to account for the $15,960 found. ECF No. 1 at 6. Furthermore, the declaration clearly establishes that neither the Claimant nor his wife have any wage records or other earnings that could account for such a large sum. *Id.* at 8.

---

[6] Claimant asserts that the Government did not meet the probable cause pleading standard, which is used in other jurisdictions. ECF No. 7 at 4. Even if this Court were to apply that standard, which requires the government to demonstrate the existence of probable cause to institute a forfeiture action based upon information obtained prior to filing the complaint, the government would still prevail. *See United States v. $493,850.00 in U.S. Currency*, 518 F.3d 1159, 1169 (9th Cir. 2008). The information used to establish a reasonable belief that the defendant property is related to a drug transaction comes from the facts in the complaint, which were necessarily obtained prior to the filing of the complaint.

## **CONCLUSION**

For the foregoing reasons, Claimant's Motion to Dismiss, and, in the alternative, a Motion for a More Definite Statement [ECF No. 7] shall be denied.



Date:  August 26, 2013                                        /s/
                                                     ROGER W. TITUS
                                            UNITED STATES DISTRICT JUDGE